

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

10 MAY 21 PM 12: 48

DISTRICT COURT
EASTERN DISTRICT
NEW YORK

| Marcos Castro, | |
| --- | --- |
| Plaintiffs | ECF CASE |
| -against- | |
| The City of New York, John and Jane Does 1 through 12, | |
| -Defendants | |

COMPLAINT AND DEMAND FOR JURY TRIAL



GLEESON, J.
BLOOM, M.J.

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to the Civil Rights Act of 1871 and 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the constitution and laws of the State of New York.

### JURISDICTION

2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

### VENUE

4.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

### JURY DEMAND

5.     The Plaintiff demand a trial by jury on each and every one of his claims as pled

-1-

herein.

## PARTIES

6.      Plaintiff MARCOS CASTRO is a resident of Brooklyn, New York.  Mr. Castro lives with his girlfriend, Jennifer Pasha, and their daughter, Angelise.

7.      Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.      The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.      At all relevant times herein, defendants JOHN AND JANE DOES 1 through 12 (also referred to as the "defendant officers") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10.      Plaintiff is unable to determine the actual names of John and Jane Does 1 through 12 at this time and thus sues them under fictitious names.

11.      At all times relevant herein, the defendant officers were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their

lawful functions in the course of their duties. The defendant officers were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and incidental to the lawful pursuit of their duties as officers, agents and employees of the City of New York.

12.     The defendant officers are sued in their individual capacities.

### STATEMENT OF FACTS

13.     In the early morning hours of February 21, 2009, the Mr. Castro and Ms. Pasha were home sleeping in their home at 576 83rd Street, Apartment 1R, Brooklyn, New York. Also there and Mr. Castro's step mother, Martha Castro, who was visiting from Alaska.

14.     In the early hours of the morning, Mr. Castro was awoken by several of the defendant officers, who were breaking down the door to his apartment.

15.     Several of the defendant officers entered Mr. Castro and Ms. Pasha's bedroom, ordered them to the floor.

16.     When he was on the floor, several of the defendant officers proceeded to physically attack Mr. Castro. During the course of their attack, these officers repeatedly kicked and punched Mr. Castro, assaulted him with their equipment and violently lifted him up and dropped him back onto the floor, causing injury.

17.     One of the officer then tightly handcuffed Mr. Castro behind his back, causing extreme pain and injury. When Mr. Castro complained that the handcuffs were too tight and that he could not feel his hands, the officer reacted by calling Mr. Castro a "fucking asshole" and tightening the cuffs.

18.     The defendant officers took approximately $3,700 of Mr. Castro's money and many

of Mr. Castro's personal belongings from the apartment.

19.    Mr. Castro was then brought from his apartment to the NYPD's 112th Precinct. After several hours at the precinct, Mr. Castro was brought to Queens Central Booking.

20.    After approximately 17 hours in police custody, Mr. Castro was finally released from Central Booking after the office of the Queens County District Attorney declined to prosecute him.

21.    As a direct and proximate result of the acts of the defendants, Mr. Castro suffered, *inter alia*, physical injury, psychological injury, emotional distress and suffering, loss of property, loss of wages and depravation of his liberty.

## NOTICE OF CLAIM

22.    A Notice of Claim was filed by plaintiff Marcos Castro on May 20, 2009, within ninety days after the claim alleged herein arose.

23.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

24.    This action has been commenced within on year and ninety days after the happening of the event upon which the claim is based.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

25.    All other paragraphs herein are incorporated by reference as though fully set forth.

26.    By assaulting, battering, arresting, detaining and charging plaintiff, and by searching him and his home and removing his property therefrom, the individual defendants engaged under color of law in the violation of their rights under the Fourth and Fourteenth Amendments to the

United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment and excessive force.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

27.     All other paragraphs herein are incorporated by reference as though fully set forth.

28.     Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

29.     At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

30.     At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.

## THIRD CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for False Arrest

31.     All other paragraphs herein are incorporated by reference as though fully set forth.

32.     By the actions described above, the individual defendants, acting within the scope of their employment, violated the plaintiff's rights under New York law to be free from false arrest and imprisonment.

33.     Defendant City is the employer of the individual defendants. Municipal liability for

these torts rest upon principles of *respondeat superior*.

## FOURTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for Assault

34.    All other paragraphs herein are incorporated by reference as though fully set forth.

35.    By the actions described above, the individual defendants, acting withing the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally committed a violent and/or menacing act which threatened such contact to plaintiff, and that such contact and such acts caused apprehension of such contact in plaintiff.

36.    Defendant City is the employer of the individual officers.  Municipal liability for these torts rest upon principles of *respondeat superior*.

## FIFTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for Battery

37.    All other paragraphs herein are incorporated by reference as though fully set forth.

38.    By the actions described above, the individual defendants, acting withing the scope of their employment, intentionally, willfully and maliciously battered plaintiff when they, in a hostile and/or offense manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to plaintiff and caused such battery.

39.    Defendant City is the employer of the individual officers.  Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the plaintiff requests that this Court:

1.    Assume jurisdiction over this matter;

-6-

2.  Award compensatory and punitive damages to plaintiffs against the defendants;

3.  Award plaintiff reasonable costs, disbursements and attorneys' fees; and

4.  Grant any other relief this Court deems appropriate.

Dated:  New York, New York
        May 20, 2010

                                    Respectfully submitted,

                                    Darius Wadia, L.L.C.


                                    By:  Darius Wadia (Bar number DW8679)
                                    Attorney for Plaintiff
                                    233 Broadway, Suite 2208
                                    New York, New York  10279
                                    dwadia@wadialaw.com

-7-