

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN J. FARRAR**
Assistant Corporation Counsel
Phone: (212) 341-0797
Fax: (212) 788-0367
Email: bfarrar@law.nyc.gov

June 10, 2010

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Marcos Castro v. City of New York, et al.
            10 CV 2322 (JG) (LB)

Your Honor:

      I am the Assistant Corporation Counsel assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request that defendant City of New York be granted a sixty-day enlargement of time, from receipt of a release pursuant to New York Criminal Procedure Law §160.50 from plaintiff, to answer or otherwise respond to the complaint.[1] This application is made with plaintiff's counsel's consent.

      In the complaint, plaintiff alleges, *inter alia*, that on February 21, 2009, police officers unlawfully entered his apartment, kicked and punched him, and stole his property. Plaintiff further alleges that he was arrested and held for approximately 17 hours. Plaintiff was allegedly released from custody after the Queens County District Attorney declined to prosecute plaintiff.

      There are several reasons for seeking an enlargement of time. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Based on the complaint, it appears that plaintiff's criminal records arising from this incident are sealed. Therefore, to that end, this Office will promptly forward a request to plaintiff's counsel for execution of a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant

---

[1] Plaintiff's counsel informed me this afternoon, by telephone, that he will be out of the office until the week of June 27, 2010 and unable to provide the §160.50 release and medical releases until then.

to New York Criminal Procedure Law §160.50. Without such releases, defendant would be unable to obtain the sealed records and without the records, defendant cannot properly respond to the complaint. In addition, plaintiff further alleges physical and mental injuries as a result of this incident. Thus, this Office has will also promptly forward to plaintiff medical releases for plaintiff's execution so that we can access his medical records and properly respond to such allegations in the complaint.

Second, the enlargement of time should allow plaintiff to identify the full names of the John and Jane Doe officers presently listed in the caption of the complaint. Once plaintiff has effected timely and proper service on the(se) defendant(s) and the(se) individual(s) request(s) representation from this Office, the extension should further allow time for this Office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent any individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that the Court grant defendant City of New York sixty days from receipt of a §160.50 release to answer or otherwise respond to the complaint.

I thank the Court for its consideration of this request.

        Respectfully submitted,

        /S
        Brian J. Farrar
        Assistant Corporation Counsel

cc:    Darius Wadia, Esq. (by ECF)
        *Attorney for plaintiff*
        233 Broadway, Suite 2208
        New York, New York 10279