

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **BRIAN J. FARRAR**<br>Assistant Corporation Counsel<br>Phone: (212) 341-0797<br>Fax: (212) 788-0367<br>Email: bfarrar@law.nyc.gov |

February 14, 2011

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Marcos Castro v. City of New York, et al.
            10 CV 2322 (JG) (LB)

Your Honor:

    I am the Assistant Corporation Counsel assigned to represent defendants City of New York, Claudia Bartolomei, Michael Dunleavy, Ismit Hoxha, Michael Keenan, Jeffrey Lee, John Malgaldi, John Oliva, James Shields, Scott Sweeney and Eric Theiss ("defendants") in the above-referenced matter. For the reasons set forth herein, defendants respectfully request a stay of the instant matter, pending the conclusion of plaintiff's underlying criminal charges. This request is made with plaintiff's counsel's consent.

    In the amended complaint, plaintiff alleges, *inter alia*, that on February 21, 2009, he was falsely arrested and subjected to excessive force by defendant police officers. Plaintiff further alleges that he spent approximately 17 hours in custody and was released after the Queens County District Attorney declined to prosecute him. However, it now appears that the criminal case against plaintiff involving the same underlying incident has been re-opened. Upon information and belief, plaintiff was indicted on February 4, 2011, and arraigned on February 10, 2011, for a burglary charge that occurred on February 20, 2009 – the same charge that formed the basis for plaintiff's February 21, 2009 arrest. In light of these recent developments, defendants respectfully submit that a stay of the civil case is warranted and furthers the interests of justice.

    It is well-settled that courts may stay a pending civil action when a parallel criminal action is ongoing. Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (ordering the stay of § 1983 action pending the resolution of parallel state criminal proceedings); Estes-El v. Long Island Jewish Medical Center, 916 F.

Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.") Moreover, Courts have recognized that staying a §1983 action is appropriate where the "civil and criminal actions involve the same subject matter." Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985); Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (allowing a civil action to go forward could "undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case").

Here, since the outcome of plaintiff's criminal case would clearly have an impact on the litigation of this §1983 action, a stay of the civil matter would further the interests of justice and judicial economy. For instance, if plaintiff were to be convicted of any criminal charges, plaintiff's false arrest claim would be precluded as a matter of law. Mack, 835 F.2d at 999 (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim). Furthermore, a stay would avoid prejudice to plaintiff's own criminal case, as articulated by the Johnson Court above. Therefore, while the entry of a stay is a matter for the Court's discretion, defendants respectfully submit that the balance of the factors outlined above clearly warrants that the Court stay this §1983 action until a reasonable time after the underlying criminal case against plaintiff is concluded. See Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. Sep. 12, 2003) ("A stay of discovery pending resolution of the criminal case clearly serves both the interests of the Court and those of the public").

Upon information and belief, plaintiff's next criminal court appearance is scheduled for March 28, 2011. Accordingly, defendants respectfully request: (1) a stay of the instant matter pending the conclusion of plaintiff's underlying criminal charges; and (2) that plaintiff be instructed to update defendants, and the Court, as to the status of plaintiff's underlying criminal charges every forty-five (45) days until the conclusion of the criminal case, by trial or otherwise.

I thank the Court for its consideration of this request.

                                  Respectfully submitted,

                                  /S
                                  Brian J. Farrar
                                  Assistant Corporation Counsel

cc:     Darius Wadia, Esq. (by ECF)
        *Attorney for plaintiff*
        233 Broadway, Suite 2208
        New York, New York 10279