UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marcos Castro,<br><br>　　　　　　Plaintiffs<br><br>　　-against-<br><br>The City of New York, Gerard Abbene, in his individual capacity, Claudia Bartolomei, in her individual capacity, Michael Donleavy, in his individual capacity, Ismit Hoxha, in his individual capacity, Michael Keenan, in his individual capacity, Detective Lee, in his individual capacity, John Malgaldi, in his individual capacity, John Oliva, in his individual capacity, James Shields, in his individual capacity, Scott Sweeney, in his individual capacity, Eric Theiss, in his individual capacity,<br><br>　　　　　　-Defendants | ECF CASE<br><br>SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>10 Civ. 2322 (JG) (LB) |

## PRELIMINARY STATEMENT

1.　　This is an action for money damages brought pursuant to the Civil Rights Act of 1871 and 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2.　　This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.　　Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

**VENUE**

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

**JURY DEMAND**

5.      The Plaintiff demand a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6.      Plaintiff MARCOS CASTRO is a resident of Brooklyn, New York.

7.      Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.      The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.      At all relevant times herein, defendants Gerard Abbene, Claudia Bartolomei, Michael Donleavy, Ismit Hoxha, Michael Keenan, Detective Lee, John Magaldi, John Oliva, James Shields, Scott Sweeney and Eric Theiss, (the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10. At all relevant times herein Gerard Abbene was a detective assigned to the NYPD's Emergency Services Unit ("ESU").

11. At all relevant times herein Claudia Bartolomei was a sergeant assigned to the NYPD's 112th Precinct.

12. At all relevant times herein Michael Donleavy was a detective assigned to the NYPD's 112th Precinct.

13. At all relevant times herein Ismit Hoxha was a detective assigned to the NYPD's 112th Precinct.

14. At all relevant times herein Michael Keenan was a detective assigned to the ESU.

15. At all relevant times herein Detective Lee was a detective assigned to the NYPD's 112th Precinct. Plaintiff is unable to determine the first name of Detective Lee at this time.

16. At all relevant times herein John Magaldi was a detective assigned to the NYPD's 112th Precinct.

17. At all relevant times herein John Oliva was a detective assigned to the ESU.

18. At all relevant times herein James Shields was a detective assigned to the ESU.

19. At all relevant times herein Scott Sweeney was a Lieutenant assigned to the ESU.

20. At all relevant times herein Eric Theiss was a detective assigned to the NYPD's 112th Precinct.

21. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and

on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and incidental to the lawful pursuit of their duties as officers, agents and employees of the City of New York.

22.     The Individual Defendants are sued in their individual capacities.

### STATEMENT OF FACTS

23.     In the early morning hours of February 21, 2009, the Mr. Castro and Ms. Pasha were home sleeping in their home at 576 83rd Street, Apartment 1R, Brooklyn, New York. Also there and Mr. Castro's step mother, Martha Castro, who was visiting from Alaska.

24.     In the early hours of the morning, Mr. Castro was awoken by several of the Individual Defendants, who were breaking down the door to his apartment pursuant to a search warrant.

25.     Several of the Individual Defendants, including defendants Abbene, Shields and Sweeney, entered Mr. Castro and Ms. Pasha's bedroom, ordered them to the floor.

26.     When he was on the floor, several of the Individual Defendants, including defendants Abbene, Shields and Sweeney, proceeded to physically attack Mr. Castro. During the course of their attack, these officers repeatedly kicked and punched Mr. Castro, assaulted him with their equipment and violently lifted him up and dropped him back onto the floor, causing injury. At some point, Mr. Castro was handcuffed behind his back, but the officers' assault continued.

27.     At no time did Mr. Castro resist arrest, nor did he otherwise provoked the officers to use any force in their arrest of him.

28.     Mr. Castro was tightly handcuffed behind his back, causing extreme pain and injury. When Mr. Castro complained that the handcuffs were too tight and that he could not feel his hands, defendant Donleavy reacted by calling Mr. Castro a "fucking asshole" and tightening the cuffs.

29. All or most of the Individual Defendants were present inside or just outside of Mr. Castro's apartment and would have heard or seen evidence of his being assaulted by defendants Abbene, Shields and Sweeney and the other officers who were doing so. However, despite being in a position to do so, they failed to intervene and stop the beating.

30. Defendant Bartolomei was supervisor in charge of the execution of the search warrant.

31. As a direct and proximate result of the acts of the defendants, Mr. Castro suffered, *inter alia*, physical injury, psychological injury, and emotional distress and suffering.

## NOTICE OF CLAIM

32. A Notice of Claim was filed by plaintiff Marcos Castro on May 20, 2009, within ninety days after the claim alleged herein arose.

33. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

34. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Excessive Force

35. All other paragraphs herein are incorporated by reference as though fully set forth.

36. By their use of excessive force during their arrest of plaintiff, the Individual Defendants, including defendants Abbene, Shields and Sweeney, engaged under color of law in the violation of plaintiff's right under the Fourth and Fourteenth Amendments to the United States

Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures.

37. By his use of excessive force in tightening plaintiff's handcuffs, defendant Donleavy engaged under color of law in the violation of plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Failure to Intervene

38. All other paragraphs herein are incorporated by reference as though fully set forth

39. Each of the Individual Defendants who were present and who did not participate in unconstitutional excessive force against plaintiff had a duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

40. These Individual Defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having been in the position and the opportunity to do so.

41. As a result of the aforementioned conduct of the defendant officers, plaintiff's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

44. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants.

**FOURTH CAUSE OF ACTION**
**Pendant State Law Claim**
**Against the City of New York for Assault**

46. All other paragraphs herein are incorporated by reference as though fully set forth.

47. By the actions described above, the Individual Defendants, acting withing the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally committed a violent and/or menacing act which threatened such contact to plaintiff, and that such contact and such acts caused apprehension of such contact in plaintiff.

48. Defendant City is the employer of the Individual Defendants. Municipal liability for these torts rest upon principles of *respondeat superior*.

**FIFTH CAUSE OF ACTION**
**Pendant State Law Claim**
**Against the City of New York for Battery**

49. All other paragraphs herein are incorporated by reference as though fully set forth.

50. By the actions described above, the Individual Defendants, acting withing the scope

of their employment, intentionally, willfully and maliciously battered plaintiff when they, in a hostile and/or offense manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to plaintiff and caused such battery.

51.  Defendant City is the employer of the Individual Defendants.  Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the plaintiff requests that this Court:

1.  Assume jurisdiction over this matter;

2.  Award compensatory and punitive damages to plaintiffs against the defendants;

3.  Award plaintiff reasonable costs, disbursements and attorneys' fees; and

4.  Grant any other relief this Court deems appropriate.

Dated:  New York, New York
        July 19, 2012

Respectfully submitted,

Darius Wadia, L.L.C.

/s/
_____
By:  Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com