UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marcos Castro,<br><br>　　　　　　　Plaintiff<br><br>　　　　-against-<br><br>The City of New York, Gerard Abbene, in his individual capacity, Ismit Hoxha, in his individual capacity, James Shields, in his individual capacity and Scott Sweeney, in his individual capacity,<br><br>　　　　　　　-Defendants | ECF CASE<br><br>THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>10 Civ. 2322 (PKC) (LB) |

## PRELIMINARY STATEMENT

1.　　This is an action for money damages brought pursuant to the Civil Rights Act of 1871 and 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2.　　This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.　　Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

## VENUE

4.　　Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

5.     Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6.     Plaintiff MARCOS CASTRO is a resident of Brooklyn, New York.

7.     Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.     The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.     At all relevant times herein, defendants GERARD ABBENE, ISMIT HOXHA, JAMES SHIELDS AND SCOTT SWEENEY (the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10.     At all relevant times herein Gerard Abbene was a detective assigned to the NYPD's Emergency Services Unit ("ESU").

11.     At all relevant times herein Ismit Hoxha was a detective assigned to the NYPD's 112th Precinct.

12. At all relevant times herein James Shields was a detective assigned to the ESU.

13. At all relevant times herein Scott Sweeney was a Lieutenant assigned to the ESU.

14. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City and incidental to the lawful pursuit of their duties as officers, agents and employees of the City.

15. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

16. In the early morning hours of February 21, 2009, the Mr. Castro and Ms. Pasha were home sleeping in their home at 576 83rd Street, Apartment 1R, Brooklyn, New York. Also there and Mr. Castro's step mother, Martha Castro, who was visiting from Alaska.

17. In the early hours of the morning, Mr. Castro was awoken by several of the Individual Defendants, as well as other officers, who were breaking down the door to his apartment pursuant to a search warrant.

18. Three of the Individual Defendants, namely Abbene, Shields and Sweeney, entered Mr. Castro and Ms. Pasha's bedroom and ordered them to the floor.

19. When he was on the floor, defendants Abbene, Shields and Sweeney, proceeded to physically attacked Mr. Castro. During the course of their attack, these officers repeatedly kicked and punched Mr. Castro, assaulted him with their equipment and violently lifted him up and dropped

him back onto the floor, causing injury. At some point, Mr. Castro was handcuffed behind his back, but the officers' assault continued.

20. At no time did Mr. Castro resist arrest, nor did he otherwise provoked the officers to use any force in their arrest of him.

21. Mr. Castro was tightly handcuffed behind his back, causing extreme pain and injury. When Mr. Castro complained that the handcuffs were too tight and that he could not feel his hands, defendant Hoxha reacted by calling Mr. Castro a "fucking asshole" and tightening the cuffs.

22. As a direct and proximate result of the acts of the defendants, Mr. Castro suffered, *inter alia*, physical injury, psychological injury, and emotional distress and suffering.

## NOTICE OF CLAIM

23. A Notice of Claim was filed by plaintiff Marcos Castro on May 20, 2009, within ninety days after the claim alleged herein arose.

24. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

25. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Excessive Force

26. All other paragraphs herein are incorporated by reference as though fully set forth.

27. By their use of excessive force during their arrest of plaintiff, defendants Abbene, Shields and Sweeney engaged under color of law in the violation of plaintiff's right under the Fourth

and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures.

28. By his use of excessive force in tightening plaintiff's handcuffs, defendant Hoxha engaged under color of law in the violation of plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures.

**SECOND CAUSE OF ACTION**
**Pendant State Law Claim**
**Against the City of New York for Assault**

29. All other paragraphs herein are incorporated by reference as though fully set forth.

30. By the actions described above, the Individual Defendants, acting withing the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally committed a violent and/or menacing act which threatened such contact to plaintiff, and that such contact and such acts caused apprehension of such contact in plaintiff.

31. Defendant City is the employer of the Individual Defendants. Municipal liability for these torts rest upon principles of *respondeat superior*.

**THIRD CAUSE OF ACTION**
**Pendant State Law Claim**
**Against the City of New York for Battery**

32. All other paragraphs herein are incorporated by reference as though fully set forth.

33. By the actions described above, the Individual Defendants, acting withing the scope of their employment, intentionally, willfully and maliciously battered plaintiff when they, in a hostile and/or offense manner struck plaintiff without his consent and with the intention of causing harmful

and/or offensive bodily contact to plaintiff and caused such battery.

34. Defendant City is the employer of the Individual Defendants. Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiffs against the defendants;

3. Award plaintiff reasonable costs, disbursements and attorneys' fees; and

4. Grant any other relief this Court deems appropriate.

Dated: New York, New York
       December 10, 2013

Respectfully submitted,

Darius Wadia, L.L.C.

/s/
_____
By: Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com